UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7066 FMO (PVCx) | Date | January 3, 2022 |
|---|---|---|---|
| Title | Yuhua Zhu, et al. v. Antony John Blinken, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:** (In Chambers) Order Re: Pending Motion [33]

Having reviewed and considered all the briefing filed with respect to defendants' Motion to Dismiss (Dkt. 33, "Motion"), the court finds that oral argument is not necessary to resolve the motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Plaintiffs are 111 Chinese citizens seeking to compel the United States Citizenship and Immigration Services and the United States Department of State (collectively, "defendants") to either adjudicate their applications, or issue them visas, under the EB-5 Immigrant Investor Regional Center Program ("Regional Center Program"). (See Dkt. 25, First Amended Complaint ("FAC") at ¶¶ 46-156 & p. 73 (Prayer for Relief)). Statutory authorization for the Regional Center Program expired on July 1, 2021. See Appropriations Act, as amended by, Consolidated Appropriations Act of 2021, Pub. L. No. 116-260, Div. O, § 104, 134 Stat 1182, 2148 (substituting "June 30, 2021" for "September 30, 2015" in § 610(b) of Pub. L. 102-395); (see also Dkt. 33, Motion at 1, 4). To date, Congress has not reauthorized the program.

Given the lack of renewed authorization for the Regional Center Program, defendants request that the court dismiss the action as moot. (See Dkt. 33, Motion at 1, 8-10). The court is persuaded that because the lapse in congressional authorization for the Regional Center Program "prevents the court from granting effective relief, the claim is moot and must be dismissed." Wildwest Inst. v. Kurth, 855 F.3d 995, 1002 (9th Cir. 2017) (quoting Conservation Cong. v. Finley, 774 F.3d 611, 618 (9th Cir. 2014)); see also Burke v. Barnes, 479 U.S. 361, 363, 107 S.Ct. 734, 736 (1987) (expiration of statute rendered case moot); Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers, 941 F.3d 1195, 1198–99 (9th Cir. 2019) (en banc) ("[I]n determining whether a case is moot, [courts] should presume that the repeal, amendment, or expiration of legislation will render an action . . . moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it" based on the record of the given case.); Taking Bromfman v. United States Citizenship & Immigr. Servs., 2021 WL 5014436, *5 (D.D.C. 2021) (dismissing complaint seeking adjudication of I-526 petition under the Regional Center

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7066 FMO (PVCx) | Date | **January 3, 2022** |
|---|---|---|---|
| Title | **Yuhua Zhu, et al. v. Antony John Blinken, et al.** | | |

Program on mootness grounds).[1]

    Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss (**Document No. 33**) is **granted**.

2. Plaintiffs' Motion for Preliminary Injunction (**Document No. 38**) is **denied** as moot.

3. The above-captioned case is **dismissed without prejudice**.

4. Judgment shall be entered accordingly.

                                          Initials of Preparer    gga

---

[1] Although it need not address this issue in light of the dismissal, the court is troubled by the filing of what appears to be 111 separate lawsuits. There seems to be no basis for this mass action other than saving filing fees.